UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ONEIDA CONSUMER, LLC, | : | |
| ET AL., | : | |
| Plaintiffs, | : | Case No. 2:20-cv-2043-JLG |
| | : | |
| v. | : | Judge Graham |
| | : | |
| ELYSE FOX d/b/a FINEST FLATWARE, | : | Magistrate Judge Elizabeth Preston Deavers |
| | : | |
| Defendant. | : | |

## ANSWER OF DEFENDANT ELYSE FOX d/b/a FINEST FLATWARE

For her Answer to Plaintiffs Oneida Consumer Group, LLC, Anchor Hocking, LLC, and The Oneida Group, Inc.'s Complaint (Plaintiffs Oneida Consumer Group, LLC, Anchor Hocking, LLC, and The Oneida Group, Inc. are hereinafter referred to collectively as "Oneida"), Defendant Elyse Fox d/b/a Finest Flatware (hereinafter referred to "Defendant Fox") states as follows:

(1)     Defendant Fox is without knowledge or information sufficient upon which to form a basis of belief as to the truth of the allegations set forth in Paragraph 1 of Plaintiffs' Complaint, and therefore denies the same.

(2)     Defendant Fox is without knowledge or information sufficient upon which to form a basis of belief as to the truth of the allegations set forth in Paragraph 2 of Plaintiffs' Complaint, and therefore denies the same.

(3)     Defendant Fox is without knowledge or information sufficient upon which to form a basis of belief as to the truth of the allegations set forth in Paragraph 3 of Plaintiffs' Complaint, and therefore denies the same.

(4)     Defendant Fox is without knowledge or information sufficient upon which to form a basis of belief as to the truth of the allegations set forth in Paragraph 4 of Plaintiffs' Complaint, and therefore denies the same.

(5)     Defendant Fox is without knowledge or information sufficient upon which to form a basis of belief as to the truth of the allegations set forth in Paragraph 5 of Plaintiffs' Complaint, and therefore denies the same.

(6)     Defendant Fox is without knowledge or information sufficient upon which to form a basis of belief as to the truth of the allegations set forth in Paragraph 6 of Plaintiffs' Complaint, and therefore denies the same.

(7)     Defendant Fox admits the allegations set forth in Paragraph 7 of Plaintiffs' Complaint.

(8)     Defendant Fox admits the allegations set forth in Paragraph 8 of Plaintiffs' Complaint.

(9)     Paragraph 9 of Plaintiffs' Complaint sets forth legal conclusions to which no response are required.  To the extent a response is required, Defendant Fox denies the same.

(10)    In response to Paragraph 10 of Plaintiffs' Complaint, Defendant Fox admits that on or about January 20, 2020, Plaintiffs sent her a copy of the letter attached to Plaintiffs' Complaint as Exhibit 1.  In further response to Paragraph 10 of Plaintiffs' Complaint, Defendant Fox states that her use of the any Oneida trademark has always been and continues to be legal and consistent with the first sale doctrine under U.S. trademark law.  Defendant Fox denies the remaining allegations set forth in Paragraph 10 of Plaintiffs' Complaint.

113087\000001\4821-3223-3409v3

(11)    In response to Paragraph 11 of Plaintiffs' Complaint, Defendant Fox admits that on or about March 10, 2020, Plaintiffs sent her a copy of the letter attached to Plaintiffs' Complaint as Exhibit 2.

(12)    In response to Paragraph 12 of Plaintiffs' Complaint, Defendant Fox admits that on or about April 16, 2020, counsel for Plaintiffs sent her a copy of the letter attached to Plaintiffs' Complaint as Exhibit 3.  That letter speaks for itself.  In further response to Paragraph 12 of Plaintiffs' Complaint, Defendant Fox states that her use of the any Oneida trademark has always been and continues to be legal and consistent with the first sales doctrine under U.S. trademark law.  Defendant Fox denies the remaining allegations set forth in Paragraph 12 of Plaintiffs' Complaint.

(13)    Defendant Fox denies the allegations in Paragraph 13 of Plaintiffs' Complaint.

(14)    Defendant Fox denies the allegations in Paragraph 14 of Plaintiffs' Complaint.

(15)    Defendant Fox denies the allegations in Paragraph 15 of Plaintiffs' Complaint.

(16)    Paragraph 16 of Plaintiffs' Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant Fox denies the same.

(17)    Paragraph 17 of Plaintiffs' Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant Fox denies the same.

(18)    Defendant Fox is without knowledge or information sufficient upon which to form a basis of belief as to the truth of the allegations set forth in Paragraph 18 of Plaintiffs' Complaint, and therefore denies the same.

(19)    Defendant Fox is without knowledge or information sufficient upon which to form a basis of belief as to the truth of the allegations set forth in Paragraph 19 of Plaintiffs' Complaint, and therefore denies the same.

113087\000001\4821-3223-3409v3

(20)    In response to Paragraph 20 of Plaintiffs' Complaint, Defendant Fox admits that Plaintiff Oneida is now engaged in the business of manufacturing and selling flatware, dinnerware, and other kitchen items.  In further response to Paragraph 20 of Plaintiffs' Complaint, Defendant Fox states that Plaintiff Oneida sells Oneida-branded products through dealers and resellers, both authorized and unauthorized.

(21)    Defendant Fox is without knowledge or information sufficient upon which to form a basis of belief as to the truth of the allegations set forth in Paragraph 21 of Plaintiffs' Complaint, and therefore denies the same.

(22)    Defendant Fox is without knowledge or information sufficient upon which to form a basis of belief as to the truth of the allegations set forth in Paragraph 22 of Plaintiffs' Complaint, and therefore denies the same.

(23)    Paragraph 23 of Plaintiffs' Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant Fox denies the same.

(24)    Defendant Fox is without knowledge or information sufficient upon which to form a basis of belief as to the truth of the allegations set forth in Paragraph 24 of Plaintiffs' Complaint, and therefore denies the same.

(25)    Defendant Fox is without knowledge or information sufficient upon which to form a basis of belief as to the truth of the allegations set forth in Paragraph 25 of Plaintiffs' Complaint, and therefore denies the same.

(26)    Defendant Fox is without knowledge or information sufficient upon which to form a basis of belief as to the truth of the allegations set forth in Paragraph 26 of Plaintiffs' Complaint, and therefore denies the same.

(27)     Defendant Fox is without knowledge or information sufficient upon which to form a basis of belief as to the truth of the allegations set forth in Paragraph 27 of Plaintiffs' Complaint, and therefore denies the same.

(28)     Defendant Fox is without knowledge or information sufficient upon which to form a basis of belief as to the truth of the allegations set forth in Paragraph 28 of Plaintiffs' Complaint, and therefore denies the same.

(29)     In response to Paragraph 29 of Plaintiffs' Complaint, Defendant Fox states that on or about October 9, 2018, Oneida issued a letter indicating that Ms. Fox was an authorized distributor of Oneida products.  At no time did Defendant Fox enter into any agreement with Oneida agreeing to be bound by Plaintiffs' rules or expectations for selling Oneida-branded products as an authorized dealer.  In December 2013, Oneida's exclusive licensee in the United States, Robinson Home Products, Inc. issued a similar letter identifying Ms. Fox as an authorized distributor of Oneida Products.

(30)     Defendant Fox denies the allegations in Paragraph 30 of Plaintiffs' Complaint.  In December 2018, after learning of Oneida's Authorized Dealer Policy as shown in Exhibit 6, the terms of which Defendant Fox had never agreed with Plaintiffs to be bound by, Defendant Fox had specific communications with Oneida representatives wherein it was discussed that she would not have to abide by Oneida's Authorized Dealer Policy's prohibition from marketing and selling Oneida-branded products through third party websites, such as Amazon.com.  Ms. Fox confirmed these communications in writing and at all times continued her long-standing business practice of selling Oneida-branded product on Amazon.com with Plaintiffs' knowledge and approval.

113087\000001\4821-3223-3409v3

(31)     Defendant Fox denies the allegations in Paragraph 31 of Plaintiffs' Complaint.  In further response to Paragraph 31 of Plaintiffs' Complaint, Defendant Fox refers back to her response to Paragraph 30 of Plaintiffs' Complaint.

(32)     In response to Paragraph 32 of Plaintiffs' Complaint, Defendant Fox admits that on or about January 20, 2020, Plaintiffs sent her a copy of the letter attached to Plaintiffs' Complaint as Exhibit 1.  The content of the letter speaks for itself.

(33)     In response to Paragraph 33 of Plaintiffs' Complaint, Defendant Fox admits that on or about March 10, 2020, Plaintiffs sent her a copy of the letter attached to Plaintiffs' Complaint as Exhibit 2.  The content of the letter speaks for itself.

(34)     In response to Paragraph 34 of Plaintiffs' Complaint, Defendant Fox states that in an attempt to address the issues raised in the letters referenced in Paragraph 34 of Plaintiffs' Complaint, Defendant Fox was forced to retain legal counsel who then contacted counsel for Oneida prior to litigation.  Defendant Fox's counsel asked for a brief period of time to review the matter and respond to Oneida's position in light of the COVID-19 pandemic and work from home constraints.  Oneida's counsel refused to give Defendant Fox's counsel time to review and respond to the matter, and instead proceeded to file the instant lawsuit. In further response to Paragraph 34 of Plaintiffs' Complaint, Defendant Fox states that her use of any Oneida trademark has always been and continues to be legal and consistent with the first sale doctrine under U.S. trademark law.

(35)     In response to Paragraph 35 of Plaintiffs' Complaint, Defendant Fox admits that she has lawfully created and/or "tied to" various Amazon listings offering for sale Oneida-branded product over the years[1].  In further response to Paragraph 35 of Plaintiffs' Complaint, upon

---

[1] "Tied to" is a term of art in the Amazon online marketplace describing when a seller who has identical product to that described in an existing listing "ties to" or otherwise indicates they have the same product to sell.

113087\000001\4821-3223-3409v3

information and belief, Defendant Fox states that the listing specifically referenced in Paragraph 34 of Plaintiffs' Complaint, including the product pictures and the product details, was created by someone other than Defendant Fox. In further response to Paragraph 35 of Plaintiffs' Complaint, Defendant Fox states that she lawfully tied to the listing because she lawfully had the same product to sell. The appearance of the Oneida trademarks and the reference to "by Oneida" were part of the original listing created by someone else to which Defendant Fox lawfully tied pursuant to Amazon Policy. This represents the same long-standing business practice that Defendant Fox has used on Amazon (as well as thousands of other product resellers) for more than a decade with Plaintiffs' knowledge. Because Amazon's algorithms awarded Defendant Fox the buy box, the listing indicates "ships from and sold by Finest Flatware" underneath the "Add to Cart" and "Buy Now" buttons for purchasing the product, which represents accurate and lawful information to potential buyers. Defendant Fox denies the remaining allegations in Paragraph 35 of Plaintiffs' Complaint.

(36)    In response to Paragraph 36 of Plaintiffs' Complaint, upon information and belief, Defendant Fox states that the listing specifically referenced in Paragraph 36 of Plaintiffs' Complaint, including the product pictures and the product details, was created by someone other than Defendant Fox. In further response to Paragraph 36 of Plaintiffs' Complaint, Defendant Fox states that she lawfully tied to the listing because she lawfully had the same product to sell. The appearance of the Oneida trademarks and the reference to "by Oneida" were part of the original listing created by someone else to which Defendant Fox tied pursuant to Amazon Policy. Because Amazon's algorithms awarded Defendant Fox the buy box, the listing indicates "ships from and sold by Finest Flatware" underneath the "Add to Cart" and "Buy Now" buttons for purchasing the

113087\000001\4821-3223-3409v3

product, which represents accurate and lawful information to potential buyers.   Defendant Fox denies the remaining allegations in Paragraph 36 of Plaintiffs' Complaint.

(37)    In response to Paragraph 37 of Plaintiffs' Complaint, Defendant Fox states Exhibit 7 of Plaintiffs' Complaint contains Amazon.com listings to which Defendant Fox lawfully tied to because she lawfully sells the same product.

(38)    In response to Paragraph 38 of Plaintiffs' Complaint, Defendant Fox admits that she offers for sale hundreds of Oneida-branded products on her website www.finestflatware.com, that on that website she legally uses Oneida marks as permitted under the first sale doctrine under U.S. trademark law, and that in some places she lawfully and accurately references that products are covered by a limited warranty.  Defendant Fox denies the remaining allegations set forth in Paragraph 38 of Plaintiffs' Complaint.

(39)    In response to Paragraph 39 of Plaintiffs' Complaint, Defendant Fox admits that Exhibit 9 to Plaintiffs' Complaint contains a screen shot of Defendant Fox's Facebook page as it previously appeared; as Defendant Fox was at one time considered an authorized retailer of Oneida product, that said Facebook page formerly identified Finest Flatware as an authorized retailer of Oneida product; and that she is no longer an authorized Oneida reseller.  In further response to Paragraph 39 of Plaintiffs' Complaint, Defendant Fox states that she has since removed any reference to authorized Oneida reseller on her Facebook page.   Defendant Fox denies that she is not permitted to use the Oneida mark to accurately describe her inventory under the first sale doctrine of U.S. trademark law.

(40)    In response to Paragraph 40 of Plaintiffs' Complaint, Defendant Fox admits that Exhibit 10 to Plaintiffs' Complaint contains a screen shot of Defendant Fox's Twitter account as it appeared in April 2020, that her Twitter account was closed in April 2020, that her Twitter

account formerly identified Finest Flatware as an authorized retailer of Oneida product, and that she is no longer an authorized Oneida reseller.  Defendant Fox denies that she is not permitted to use the Oneida mark to accurately describe her inventory under the first sale doctrine of U.S. trademark law.

(41)    In response to Paragraph 41 of Plaintiffs' Complaint, Defendant Fox re-alleges and incorporates all previous responses to the allegations in Plaintiffs' Complaint as if fully rewritten herein.

(42)    Defendant Fox denies the allegations contained in Paragraph 42 of Plaintiffs' Complaint.

(43)    Defendant Fox is without knowledge or information sufficient upon which to form a basis of belief as to the truth of the allegations set forth in Paragraph 43 of Plaintiffs' Complaint, and therefore denies the same.

(44)    In response to Paragraph 44 of Plaintiffs' Complaint, Defendant Fox admits that she has used Oneida marks in commerce in the U.S. as permitted under the law.  Defendant Fox denies that the Oneida goods she sells are materially different than the goods that Oneida sells because of the warranties on the respective goods.

(45)    Defendant Fox denies the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

(46)    Defendant Fox is without knowledge or information sufficient upon which to form a basis of belief as to the truth of the allegations set forth in Paragraph 46 of Plaintiffs' Complaint, and therefore denies the same.

(47)    Defendant Fox denies the allegations contained in Paragraph 47 of Plaintiffs' Complaint.

(48)     In response to Paragraph 48 of Plaintiffs' Complaint, Defendant Fox states that she uses Oneida marks, and that as a reseller of Oneida product, such use is permitted under the first sale doctrine of U.S. trademark law.

(49)     Defendant Fox denies the allegations contained in Paragraph 49 of Plaintiffs' Complaint.

(50)     Defendant Fox denies the allegations contained in Paragraph 50 of Plaintiffs' Complaint.

(51)     Defendant Fox denies the allegations contained in Paragraph 51 of Plaintiffs' Complaint.

(52)     Defendant Fox denies the allegations contained in Paragraph 52 of Plaintiffs' Complaint.

(53)     Defendant Fox denies the allegations contained in Paragraph 53 of Plaintiffs' Complaint.

(54)     Defendant Fox denies the allegations contained in Paragraph 54 of Plaintiffs' Complaint.

(55)     Defendant Fox denies the allegations contained in Paragraph 55 of Plaintiffs' Complaint.

(56)     In response to Paragraph 56 of Plaintiffs' Complaint, Defendant Fox re-alleges and incorporates all previous responses to the allegations in Plaintiffs' Complaint as if fully rewritten herein.

(57)     Defendant Fox denies the allegations contained in Paragraph 57 of Plaintiffs' Complaint.

(58)     Defendant Fox denies the allegations contained in Paragraph 58 of Plaintiffs' Complaint.

(59)     Defendant Fox denies the allegations contained in Paragraph 59 of Plaintiffs' Complaint.

(60)     Defendant Fox denies the allegations contained in Paragraph 60 of Plaintiffs' Complaint.

(61)     Defendant Fox denies the allegations contained in Paragraph 61 of Plaintiffs' Complaint.

(62)     Defendant Fox denies the allegations contained in Paragraph 62 of Plaintiffs' Complaint.

(63)     Defendant Fox denies the allegations contained in Paragraph 63 of Plaintiffs' Complaint.

(64)     In response to Paragraph 64 of Plaintiffs' Complaint, Defendant Fox re-alleges and incorporates all previous responses to the allegations in Plaintiffs' Complaint as if fully rewritten herein.

(65)     Defendant Fox denies the allegations contained in Paragraph 65 of Plaintiffs' Complaint.

(66)     Defendant Fox denies the allegations contained in Paragraph 66 of Plaintiffs' Complaint.

(67)     In response to Paragraph 67 of Plaintiffs' Complaint, Defendant Fox admits that, unbeknownst to her, for a very brief period of time in April 2020, her Facebook page and Twitter account continued to show her as an authorized retailer of Oneida product after April 1, 2020, the date Oneida had indicated she was no longer authorized.  Defendant Fox had previously removed

such representation on her website. Upon learning of these continuing statements on her Facebook page and Twitter account, she removed the representation from her Facebook page, and discontinued her Twitter account in April 2020. In further response to Paragraph 67 of Plaintiffs' Complaint, Defendant Fox states that the words "by Oneida" on Amazon.com listings are part of the Amazon platform, created and controlled by someone or some entity other than Defendant Fox, they are not words chosen by seller using the platform, and they are not false or misleading. Defendant Fox further denies making any false statements about the warranties on Oneida product she sells or has sold.

(68)    Defendant Fox denies the allegations contained in Paragraph 68 of Plaintiffs' Complaint.

(69)    Defendant Fox denies the allegations contained in Paragraph 69 of Plaintiffs' Complaint.

(70)    In response to Paragraph 70 of Plaintiffs' Complaint, Defendant Fox reincorporates her response to Paragraph 67 of Plaintiffs' Complaint. In further response to Paragraph 70 of Plaintiffs' Complaint, Defendant Fox denies making false or misleading statements on her website, or on Amazon.com.

(71)    In response to Paragraph 71 of Plaintiffs' Complaint, Defendant Fox denies the allegations relating to false and misleading statements causing harm to Plaintiff. In further response to Paragraph 71 of Plaintiffs' Complaint, Defendant Fox admits the allegations that she has sold tens of thousands of dollars of Oneida-branded products on Amazon.com in early April 2020 and has sold over $1 million in Oneida product in a single quarter.

(72)     In response to Paragraph 72 of Plaintiffs' Complaint, Defendant Fox admits that she is not currently an authorized reseller of Oneida product.  Defendant Fox denies all remaining allegations in Paragraph 72 of Plaintiffs' Complaint.

(73)     Defendant Fox denies the allegations contained in Paragraph 73 of Plaintiffs' Complaint.

(74)     Defendant Fox denies the allegations contained in Paragraph 74 of Plaintiffs' Complaint.

(75)     Defendant Fox denies the allegations contained in Paragraph 75 of Plaintiffs' Complaint.

(76)      Defendant Fox denies the allegations contained in Paragraph 76 of Plaintiffs' Complaint.

(77)     In response to Paragraph 77 of Plaintiffs' Complaint, Defendant Fox re-alleges and incorporates all previous responses to the allegations in Plaintiffs' Complaint as if fully rewritten herein.

(78)     Defendant Fox denies the allegations contained in Paragraph 78 of Plaintiffs' Complaint.

(79)     Defendant Fox denies the allegations contained in Paragraph 79 of Plaintiffs' Complaint.

(80)     In response to Paragraph 80 of Plaintiffs' Complaint, Defendant Fox admits that she has used Oneida marks on Amazon.com listings, her website, and on social media to identify the Oneida products she was reselling.  Defendant Fox denies all remaining allegations in Paragraph 80 of Plaintiffs' Complaint.

(81)    Defendant Fox denies the allegations contained in Paragraph 81 of Plaintiffs' Complaint.

(82)    Defendant Fox denies the allegations contained in Paragraph 82 of Plaintiffs' Complaint.

(83)    Defendant Fox denies the allegations contained in Paragraph 83 of Plaintiffs' Complaint.

(84)    Defendant Fox denies the allegations contained in Paragraph 84 of Plaintiffs' Complaint.

(85)     Defendant Fox denies the allegations contained in Paragraph 85 of Plaintiffs' Complaint.

(86)    In response to Paragraph 86 of Plaintiffs' Complaint, Defendant Fox re-alleges and incorporates all previous responses to the allegations in Plaintiffs' Complaint as if fully rewritten herein.

(87)    Defendant Fox denies the allegations contained in Paragraph 87 of Plaintiffs' Complaint.

(88)    Defendant Fox denies the allegations contained in Paragraph 88 of Plaintiffs' Complaint.

(89)    Defendant Fox denies the allegations contained in Paragraph 89 of Plaintiffs' Complaint.

(90)    Defendant Fox denies the allegations contained in Paragraph 90 of Plaintiffs' Complaint.

(91)    Defendant Fox denies the allegations contained in Paragraph 91 of Plaintiffs' Complaint.

(92)     Defendant Fox denies the allegations contained in Paragraph 92 of Plaintiffs' Complaint.

(93)     Defendant Fox denies the allegations contained in Paragraph 93 of Plaintiffs' Complaint.

(94)     In response to Paragraph 94 of Plaintiffs' Complaint, Defendant Fox re-alleges and incorporates all previous responses to the allegations in Plaintiffs' Complaint as if fully rewritten herein.

(95)     Defendant Fox denies the allegations contained in Paragraph 95 of Plaintiffs' Complaint.

(96)     Defendant Fox is without knowledge or information sufficient upon which to form a basis of belief as to the truth of the allegations set forth in Paragraph 96 of Plaintiffs' Complaint, and therefore denies the same.

(97)     In response to Paragraph 97 of Plaintiffs' Complaint, Defendant Fox admits that she has used Oneida Marks in commerce in the U.S. as permitted under the law.  Defendant Fox denies that the Oneida goods she sells are materially different than the goods that Oneida sells because of the warranties on the respective goods.

(98)     Defendant Fox denies the allegations contained in Paragraph 98 of Plaintiffs' Complaint.

(99)     Defendant Fox is without knowledge or information sufficient upon which to form a basis of belief as to the truth of the allegations set forth in Paragraph 99 of Plaintiffs' Complaint, and therefore denies the same.

(100)   Defendant Fox denies the allegations contained in Paragraph 100 of Plaintiffs' Complaint.

(101)   Defendant Fox denies the allegations contained in Paragraph 101 of Plaintiffs' Complaint.

(102)   Defendant Fox denies the allegations contained in Paragraph 102 of Plaintiffs' Complaint.

(103)   Defendant Fox denies the allegations contained in Paragraph 103 of Plaintiffs' Complaint.

(104)   Defendant Fox denies the allegations contained in Paragraph 104 of Plaintiffs' Complaint.

(105)   Defendant Fox denies each and every allegation in Plaintiffs' Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

## SECOND DEFENSE: "FIRST SALE" OR "EXHAUSTION" DOCTRINE

(106)   Defendant Fox re-alleges and incorporates all previous responses to the allegations in Plaintiffs' Complaint as if fully rewritten herein.

(107)   Under the Lanham Act, and trademark laws in the United States, the right of a producer to control distribution of its trademarked product does not extend beyond the first sale of the product.  Resale by the first purchaser of the original article under the producer's trademark is neither trademark infringement nor unfair competition.

(108)   This right to resell branded products is sometimes known as the first sale or exhaustion doctrine.  Trademark rights are exhausted as to a given item upon the first sale of that item.

(109)   Each and every Oneida-branded product that Defendant Fox has ever sold, or which currently exists in Defendant Fox's inventory, was lawfully purchased for value by Defendant Fox

either directly from or with permission of (1) Oneida, (2) Oneida's exclusive licensee in the United States from 2009 to 2018, Robinson Home Products, Inc., or (3) Oneida Hospitality, a company which acquired portions of the Oneida brand from Oneida in 2019.

(110)   Oneida has already received a direct profit or royalty payment on each and every Oneida-branded product that Defendant Fox has ever sold and on all unsold Oneida-branded products which currently exists in Defendant Fox's inventory.

(111)   Defendant Fox has a right under the "first sale" or "exhaustion" doctrine in U.S. Trademark law to resell her inventory of Oneida-branded products.

### THIRD DEFENSE: NOMINATIVE FAIR USE

(112)   Defendant Fox re-alleges and incorporates all previous responses to the allegations in Plaintiffs' Complaint, and averments set forth above, as if fully rewritten herein.

(113)   Plaintiffs' claims are barred, in whole or in part, by the doctrine of "nominative fair use."

### FOURTH DEFENSE: PLAINTIFFS ARE ESTOPPED FROM ASSERTING THAT DEFENDANT FOX CANNOT SELL HER INVENTORY OF ONEIDA-BRANDED PRODUCTS

(114)   Defendant Fox re-alleges and incorporates all previous responses to the allegations in Plaintiffs' Complaint, and averments set forth above, as if fully rewritten herein.

(115)   In the end of 2002, Defendant Fox started purchasing Oneida-branded products from an Oneida outlet store and reselling that product on the e-commerce platform, eBay.  Through years of hard work and dedication to learn the lawful practice of online sales, Defendant Fox became highly successful in her business.

(116)   In 2005, Defendant Fox was visited by a vice-president of sales at Oneida.  After learning how Defendant Fox was reselling her Oneida-branded product over e-commerce

17

platforms, the Oneida vice-president of sales was so impressed that he asked if Oneida could start selling to Defendant Fox directly, as opposed to through its outlet store. Defendant Fox thereafter began purchasing products directly from Oneida and reselling them on online platforms, with continued knowledge of Oneida.

(117)   In 2009, Oneida entered into an exclusive license agreement with Robinson Home Products, Inc. ("Robinson") whereby Robinson became Oneida's exclusive licensee for the sale of Oneida-branded products to the consumer market in the United States. While Oneida continued to sell Oneida branded food service products, after the 2009 agreement Robinson managed the Oneida brand in the United States for the consumer retail market. Pursuant to the exclusive license agreement between Oneida and Robinson, Oneida earned a royalty payment on every Oneida branded product sold by Robinson.

(118)   Between 2009 and 2019, Robinson worked closely with Defendant Fox as she continued purchasing Oneida branded product, now through Robinson, for resale to consumers on e-commerce platforms. Both Oneida and Robinson were aware of Defendant Fox's continued practice of purchasing and reselling Oneida branded product online. Defendant Fox purchased large quantities of Oneida branded product from Robinson for both resale in the original Oneida packaging, as well as resale of product in smaller subsets of that which was contained in the original packaging. At all times, Robinson, as Oneida's exclusive licensee and agent, was aware of and approved all aspects of Defendant Fox's reselling methods of operation. Indeed, Robinson would make recommendations to Defendant Fox as to ways she could increase her reselling of Oneida branded products on e-commerce platforms, such as Amazon, including making "Authorized Oneida Retailer" a part of her business logo and supporting her reuse of product packaging originally used by Robinson to ship product to Defendant Fox. Defendant Fox was so

successful in her efforts to grow her business that Robinson not only identified Defendant Fox as an authorized distributor of Oneida branded product but made defendant Fox the Oneida "Brand Owner" on Amazon.

(119)   Between 2009 and 2019, Defendant Fox also continued to purchase certain Oneida branded product directly from the Oneida Food Services division of Oneida for resale to consumers through e-commerce platforms.  Such sales typically occurred when Robinson would discontinue an Oneida branded pattern, but the pattern was still available through Oneida Food Services division.  These purchases took place with not only the knowledge of Robinson, but also with the knowledge by Oneida that the product would be resold by Defendant Fox to retail consumers on e-commerce platforms.

(120)   In 2018, Oneida and Robinson ended their exclusive licensee relationship, and Oneida took back the management of the Oneida brand in the consumer market in the United States.

(121)   In August 2018, after Oneida representatives expressed interest in learning more about how Defendant Fox had grown such a successful online reselling business model, Defendant Fox sent a PowerPoint presentation to Oneida relating to her business operations and method of reselling Oneida branded product on e-commerce platforms.

(122)   In October 2018, Oneida informed Fox that she was an authorized distributor of Oneida branded product.  At no time did Defendant Fox ever enter into a contract with Oneida agreeing to abide by any rules or expectations of Oneida as to Defendant Fox's business practices.

(123)   In December 2018, Oneida unilaterally issued an Authorized Distributor Policy, which among other things claimed that authorized resellers of Oneida product were not permitted to resell Oneida product on third party e-commerce platforms.  As noted above, Defendant Fox

19

had never agreed to any such terms. Upon learning of Oneida's unilaterally issuance of the Authorized Distributor Policy, Defendant Fox immediately contacted Oneida regarding the claimed restrictions on reselling Oneida branded product on third party e-commerce platforms to make clear those restrictions in no way applied to her business practices. Oneida informed Defendant Fox that she would not be required to comply with those restrictions, which Defendant Fox confirmed in writing. Thereafter, and reasonable reliance based on these representations and assurances, Defendant Fox purchased additional Oneida branded product for resale on third party e-commerce platforms, all purchases of which would have directly benefitted Oneida.

(124) Throughout 2019, Defendant Fox continued reselling Oneida branded product on third party e-commerce platforms, just as she had done for many years, with such sales occurring with the direct knowledge of Oneida. In fact, as a direct result of Defendant Fox's knowledge and expertise in selling Oneida branded products, and thereby benefiting the Oneida brand overall, throughout 2019 Oneida would even refer customers to Defendant Fox for purchases of Defendant Fox's Oneida product inventory.

(125) At some point, upon information and belief, Oneida made the strategic decision to try and capture more control of the marketplace as a direct online retailer on e-commerce platforms such as Amazon, at the expense of other established resellers such as Defendant Fox. In 2020, Oneida sent Defendant Fox a series of letters asserting that it was no longer going to allow Defendant Fox to hold herself out as an authorized distributor of Oneida product. The letters further asserted, without a valid legal or factual basis, that any reselling of Oneida branded products after April 1, 2020, would constitute trademark infringement.

(126) Oneida's lawsuit represents nothing more than a strategic effort to force Defendant Fox from the marketplace as a competitor when Oneida has been aware of, approved, and profited

from her business practices for more than a decade prior.  Defendant Fox lawfully purchased significant amounts of Oneida branded inventory in reasonable reliance on Oneida's prior representations and knowledge of her lawful e-commerce business practices.  Having profited from every purchase of Oneida branded product that Defendant Fox has made for years, with full knowledge of the fact that Defendant Fox would be reselling those products to retail consumers on e-commerce platforms, Oneida is estopped from claiming that those sales infringed its trademarks and should be enjoined.

## FIFTH DEFENSE: PLAINTIFFS' CLAIMS ARE BARRED BY THE DOCTRINES OF WAIVER AND LACHES

(127)   Defendant Fox re-alleges and incorporates all previous responses to the allegations in Plaintiffs' Complaint, and averments set forth above, as if fully rewritten herein.

(128)   Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and laches.

## SIXTH DEFENSE: PLAINTIFFS' TRADEMARKS HAVE BEEN ABANDONED

(129)   Defendant Fox re-alleges and incorporates all previous responses to the allegations in Plaintiffs' Complaint, and averments set forth above, as if fully rewritten herein.

(130)   In their Complaint, Plaintiffs allege that Defendant Fox's actions in reselling Oneida branded products on third party e-commerce platforms caused confusion in the marketplace as to the source of Oneida's products, and dilute and infringe Plaintiffs' Oneida trademarks.

(131)   However, the very actions for which Plaintiffs now complain have been going on in the marketplace for 15 years with the direct knowledge of both Oneida and Robinson, Oneida's exclusive licensee and agent with respect to management of the brand.

113087\000001\4821-3223-3409v3

(132)   Moreover, there are a substantial number of other resellers of Oneida branded products on both eBay and Amazon.com that are currently reselling Oneida branded products, and have been for years, similar to Defendant Fox.  If these actions constitute an infringement of Oneida's marks as claimed by Oneida and are causing confusion in the marketplace as asserted by Oneida, then Oneida's tacit allowance of these actions, by all such online resellers, for over ten years has caused Oneida's trademarks to become abandoned.

## SEVENTH DEFENSE: PLAINTIFFS HAVE UNCLEAN HANDS

(133)   Defendant Fox re-alleges and incorporates all previous responses to the allegations in Plaintiffs' Complaint, and averments set forth above, as if fully rewritten herein.

(134)   Plaintiffs' claims are barred by the doctrine of unclean hands.

## EIGHTH DEFENSE: FAILURE TO STATE A CLAIM

(135)   Defendant Fox re-alleges and incorporates all previous responses to the allegations in Plaintiffs' Complaint, and averments set forth above, as if fully rewritten herein.

(136)   Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## ADDITIONAL DEFENSES THAT PROOF MAY LATER DEEM PROPER

(137)   Defendant Fox re-alleges and incorporates all previous responses to the allegations in Plaintiffs' Complaint, and averments set forth above, as if fully rewritten herein.

(138)   Defendant Fox asserts each and every affirmative defense found in Fed.R.Civ.P. 8(c) as if set forth herein in its entirety as the proof in this case may later deem proper.

**WHEREFORE**, Defendant Elyse Fox d/b/a Finest Flatware respectfully requests that Plaintiffs Oneida Consumer Group, LLC, Anchor Hocking, LLC, and The Oneida Group, Inc.'s Complaint be dismissed in its entirety, with prejudice, and that she be granted such further relief,

including an award of reasonable attorney fees and expenses incurred in defending this action, as may be necessary or appropriate.

Respectfully submitted,

/s/ Robert G. Schuler
Robert G. Schuler          (0039258)
Robert G. Cohen           (0041707)
Saša Trivunić                 (0096722)
KEGLER, BROWN, HILL + RITTER CO., L.P.A.
65 East State Street, Suite 1800
Columbus, Ohio  43215
PH:  614-462-5400; Fax:  614-464-2634
rschuler@keglerbrown.com
rcohen@keglerbrown.com
strivunic@keglerbrown.com

Counsel for Defendant
Elyse Fox d/b/a Finest Flatware

Robert E. Zaytoun          (NC Bar #6942)
Matthew D. Ballew          (NC Bar #39515)
John R. Taylor                 (NC Bar #43248)
ZAYTOUN, BALLEW & TAYLOR, PLLC
3130 Fairhill Drive, Suite 100
Raleigh, NC 27612
PH:  919-832-6690; Fax:  919-831-4793
rzaytoun@zaytounlaw.com
mballew@zaytounlaw.com
jtaylor@zaytounlaw.com

Co-Counsel for Defendant
Elyse Fox d/b/a Finest Flatware
Admitted Pro Hac 06/09/2020

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and accurate copy of the foregoing Defendant's

Answer was filed and served via the Court's electronic filing system upon all counsel of record on

this 23rd day of June, 2020.

/s/ Robert G. Schuler   
Robert G. Schuler
