**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| | ) | |
| ONEIDA CONSUMER, LLC, *et al.,* | ) | CASE NO. 2:20-cv-2043 |
| | ) | |
| Plaintiffs, | ) | JUDGE JAMES L. GRAHAM |
| | ) | |
| v. | ) | MAGISTRATE JUDGE ELIZABETH |
| | ) | PRESTON DEAVERS |
| ELYSE FOX, | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

Plaintiffs Oneida Consumer, LLC, Anchor Hocking, LLC and The Oneida Group, Inc. (collectively "Oneida"), on the one hand, and defendant Elyse Fox ("Fox"), on the other hand, (Oneida and Fox shall be collectively referred to as "the Parties") by their counsel, hereby stipulate and agree as follows:

WHEREAS, Plaintiffs have filed a motion seeking a preliminary injunction, and the Parties have agreed to exchange discovery informally to explore resolution of the case and anticipate potential additional formal discovery in preparation for a potential preliminary injunction hearing; and

WHEREAS, certain documents, materials, discovery responses, testimony, etc., which may be requested through informal or formal discovery in the above-captioned case (hereafter "the Lawsuit") may contain confidential and proprietary information, including without limitation information regarding inventory, pricing, terms of sales and distribution arrangements, and other financial and business information.

THEREFORE, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Confidentiality and Protective Order that will apply to any informal or formal discovery

113087\000001\4842-1342-0736

exchanged prior to a preliminary injunction hearing.  To the extent that there are proceedings beyond a preliminary injunction hearing in this case, the Parties will revisit the appropriate restrictions necessary to maintain confidentiality and either enter into agreement or obtain from the Court an appropriate Protective Order applicable to the remainder of the Lawsuit.

IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES AND ORDERED BY THE COURT THAT:

1.	Any producer of documents, materials, answers to discovery, testimony, or other information may designate as "Confidential" any such information produced in this case that is nonpublic; is personal, private, and/or proprietary; and the disclosure of which (whether separately or in conjunction with other information being produced) is believed in good faith by the producing Party to have the potential for causing harm or giving a competitive advantage to others (hereafter "Confidential Information").  Confidential Information includes, but is not limited to, information that falls within one or more of the following categories: (a) non-public business information; (b) information prohibited from disclosure by statute; (c) medical information concerning any individual; (d) personal identity information; (e) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (f) personnel or employment records of a person who is not a party to the case.  Any such information designated "Confidential" shall bear the label or stamp "Confidential" or other similar identifying label or stamp.

2.	Confidential information shall be produced only to counsel for the Parties, who shall use such information solely in furtherance of the Lawsuit and any claims asserted, or to be asserted, in connection with the Lawsuit, and for no other litigation, business or purpose.

3.	(a) Information designated "Confidential," and any copies of such information, shall not be exhibited or disclosed by counsel for the Parties or by any Party to any other person or entity; provided however that nothing herein shall prevent a Party from disclosing its own

113087\000001\4842-1342-0736

Confidential Information (provided that to the extent a Party discloses its own information publicly, such information may no longer be categorized as "Confidential" or "Confidential -- Attorneys' Eyes Only" pursuant to this Stipulated Confidentiality and Protective Order).  As to disclosure by others, nothing herein shall prevent the exhibition of such documents or the information contained therein only to the following persons, who shall use such Confidential Information solely in furtherance of the Lawsuit, and for no other litigation, business or purpose:

(i)     outside counsel for the Parties, and employees of outside counsel, who are actively engaged in connection with, or who are making decisions with respect to, the Lawsuit on behalf of a Party.

(ii)    persons who have prepared or assisted in the preparation or delivery of documents containing the Confidential Information at issue or to whom the documents or copies thereof were originally addressed or delivered.

(iii)   for individual parties, the parties themselves, and for corporate parties, the in-house legal counsel, officers, directors, claims personnel, employees, or former employees of a Party who are actively engaged in connection with, or who are making decisions with respect to, the Lawsuit, provided that such individuals have agreed to be bound by this Stipulation and Protective Order.

(iv)    court personnel and/or court reporters who are actively engaged in connection with the Lawsuit.

(v)     to the extent deemed necessary by counsel for a Party or a Party's representative, independent experts and consultants, and the employees or clerical assistants of said experts or consultants, who are employed, retained or otherwise consulted by counsel for such Party for the purpose of analyzing data, conducting studies or providing opinions to assist in any

3

way in the Lawsuit, provided that such individuals have agreed to be bound by this Stipulation and Protective Order, and further provided that such individuals are not employed or retained by any of the Parties for business purposes separate from the Lawsuit.

(vi)     to the extent deemed necessary by counsel, witnesses or potential witnesses, in preparation for giving testimony in the Lawsuit by deposition or at the hearing on Plaintiffs' motion for preliminary injunction relating to Confidential Information, and provided further that the witness or potential witness has agreed to be bound by this Stipulation and Protective Order; and

(vii)     any person who otherwise would be entitled to review the Confidential Information as a result of federal or state laws, or court orders; provided however, that such Confidential Information will not be produced by anyone other than the Party that originally produced such information pursuant to a request for production of documents or subpoena in any other action (other than the Lawsuit) in the absence of an order requiring such production, entered after the Party producing the information in the Lawsuit has been notified of the request for production and has been given reasonable opportunity to intervene and object to such production.

4.     Confidential Information shall not be given, shown, made available, discussed or otherwise communicated to anyone without first informing them of the contents of this Stipulated Confidentiality and Protective Order.  In the case of the persons specified in paragraphs 3(a)(v), (vi), and (vii), and in the case of former employees of a Party, prior to any disclosure of Confidential Information to such person, counsel making the disclosure shall obtain from such person a signed acknowledgement, in the form attached hereto as Exhibit A.  Counsel making such disclosure shall retain the original acknowledgments described hereinabove, together with the full

4

names and addresses of each signer, and an accurate account or description of the Confidential Information disclosed to each signer.

5.      (a)      In accordance with the other provisions herein, Confidential Information may be referred to in the course of depositions, or made exhibits to depositions, and the deponent, all counsel, and other persons present at the deposition, or who review the transcript thereof, shall be informed of and be bound by the terms of this Stipulated Confidentiality and Protective Order.

(b)      Any Party may designate as "Confidential" testimony given during a deposition (and documents marked as exhibits during a deposition) which, in good faith, it deems confidential, provided that the portion of the transcript relating to such confidential testimony shall be marked "Confidential" in accordance with the provisions of paragraph 1.  Any Party may designate as "Confidential" any deposition testimony or deposition exhibits, by notice to all other parties, within twenty (20) days of the date that the deposition transcript is received (and such testimony and exhibits shall be considered "Confidential" until the conclusion of this 20-day time period).  All provisions of this Stipulated Confidentiality and Protective Order shall apply to all deposition transcripts and/or testimony designated as "Confidential."

6.      A Party filing Confidential Information with the Court shall file such materials under seal in accordance with the procedures in the local court rules, including seeking advance approval of the Court for filings under seal.  Where "Confidential" or "Confidential -- Attorneys' Eyes Only" information is filed with the Court in accordance with applicable Court rules and procedures, such information shall be maintained under seal and made available only to the Court and to Counsel for the Parties.

7.      Any producer of documents, materials, answers to discovery, testimony, or other information may designate as "Confidential -- Attorneys' Eyes Only" any such information

5

produced in this case that is confidential, proprietary business information or highly sensitive non-public information, the disclosure of which (whether separately or in conjunction with other information being produced) the producing Party believes in good faith could result in competitive or other harm, or is subject to restriction from disclosure by applicable law.  "Confidential -- Attorneys' Eyes Only" information includes, but is not limited to, information that falls within one or more of the following categories: (a) information that reveals trade secrets; (b) customers, partners, or collaborators in the distribution chain including customer names, contact information, sales history, or account information; (c) any Party's research, procedures, processes, designs, formulas, market data, plans, strategies, or market entry decisions; (d) pricing and financial information including, but not limited to, prices, rebates, discounts, sales, profits, overhead, labor rates, development and manufacturing costs, balance sheets, financial statements, accounting, financial or other business records or data, cost information, pricing agreements, supply agreements, distribution agreements, or sales representative agreements and other financial information not known to the general public; and (e) inventory and/or product mix information. All of the provisions relating to "Confidential Information" in this Stipulated Confidentiality and Protective Order shall also apply to information designated "Confidential -- Attorneys' Eyes Only."  However, information designated as "Confidential -- Attorneys Eyes Only" may only be disclosed to those persons specified in Section 3(a)(i), 3(a)(ii), and 3(a)(iv).

8.      This Stipulated Confidentiality and Protective Order shall not apply to any document, or information contained therein, which is available publicly, or which is a matter of public record on file with any public office, court or governmental or regulatory agency or board, or which is or becomes available to a Party by any lawful and unrestricted means.

9.      If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Confidential -- Attorneys' Eyes Only" does not, standing alone, waive

6

the designating Party's right to secure protection under this Stipulated Confidentiality and Protective Order for such material.  If material is appropriately designated as "Confidential" or "Confidential -- Attorneys' Eyes Only" after the material was initially produced, the receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulation.  Upon notification by the producing Party (or the party asserting the privilege) that privileged material has inadvertently been produced, the other Parties shall either:  (a) return the material in question to the producing Party; or (b) place the material in a sealed envelope pending resolution of any privilege assertion. The Parties shall promptly confer to resolve any inadvertent production issue.  In the event the Parties are unable to resolve the issue, the parties shall request a conference with the Magistrate Judge pursuant to local rule 37.1 in order to facilitate a resolution, and if necessary to resolve the issue the producing Party (or the party asserting the privilege) shall file a motion for a protective order no later than fourteen (14) days after impasse among counsel is reached.  In the event that a motion is filed, the Parties shall treat the material in question as privileged until the Court resolves the issue.

10.     Within sixty (60) days after the conclusion of this action by dismissal, final judgment, disposition on appeal, or settlement, all Confidential Information and Confidential -- Attorneys' Eyes Only information produced in this litigation shall, at the option of the Party that produced the information, either be returned to counsel for the Party which originally produced such information or, alternatively, the Confidential and Confidential -- Attorneys' Eyes Only documents may be destroyed by counsel for the receiving Party, with counsel providing, upon request, a declaration attesting to their destruction.  Notwithstanding the foregoing, counsel may retain in their files any notes, memoranda, etc. which contain Confidential Information or

Confidential -- Attorneys' Eyes Only information subject to the attorney-client privilege or work product doctrine, which information shall remain subject to the terms of this Stipulated Confidentiality and Protective Order. This Order shall survive the conclusion of this Litigation.

11.     This Stipulated Confidentiality and Protective Order may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which shall constitute one and the same agreement. Further, this Stipulated Confidentiality and Protective Order shall be a binding agreement between the Parties and their counsel regardless of whether it is entered as an Order by the Court.

12.     The Parties agree that this Stipulated Confidentiality and Protective Order may not be used in this or any other matter for any purpose against any Party, except as may be necessary to enforce its terms.

13.     If any Party or its counsel objects at any time to the producing Party's designation of information as "Confidential" or "Confidential -- Attorneys' Eyes Only," it shall advise the producing Party, and the Parties shall make a reasonable, good-faith effort to resolve the issue. The Parties agree that if they are unable to resolve an objection to a designation made pursuant to this Order, then the Party challenging the designation of information as "Confidential" or "Confidential -- Attorneys' Eyes Only" may, after coming to impasse regarding resolution of the designation, file a proper motion with the Court regarding designation of the information in question. The Parties shall treat the Confidential Information or Confidential -- Attorneys' Eyes Only information as designated by the producing Party until the Court has ruled on the motion.

14.     The entry of this Order shall not restrict or limit the use of any information subject to this Order at trial or any hearing before the Court; provided, however, that this Order shall not be construed to be a waiver of any objection to the introduction, use or reference to such

113087\000001\4842-1342-0736

information at trial or any hearing before the Court or of any right to move to limit or restrict such introduction, use or reference at trial or any hearing before the Court.

15.     This Order is without prejudice to the right of any Party to apply to the Court for an order permitting other information produced in discovery herein to be treated as Confidential, pursuant to the terms of this Order.

16.     By agreement of the Parties or by Order of the Court, non-parties to the Lawsuit may be made subject to this Protective Order, and any information produced by such non-parties and designated as "Confidential" or "Confidential -- Attorneys' Eyes Only" shall be subject to the terms of this Protective Order.

**IT IS SO ORDERED.**

s/ *Elizabeth A. Preston Deavers*_____
**ELIZABETH A. PRESTON DEAVERS**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


**STIPULATED AND APPROVED:**

/s/ Robert G. Schuler_____
Robert G. Schuler     (0039258)
Trial Attorney
Robert G. Cohen       (0041707)
Jeffrey J. Nein         (0089415)
KEGLER BROWN HILL + RITTER CO. LPA
65 East State Street, Suite 1800
Columbus, Ohio 43215
PH: (614) 462-5400; Fax: (614) 464-2634
Email: rschuler@keglerbrown.com
Email: rcohen@keglerbrown.com
Email: jnein@keglerbrown.com

/s/ Robert E. Zaytoun
Robert E. Zaytoun      (NC State Bar #6942)
Matthew D. Ballew    (NC State Bar #39515)
John R. Taylor          (NC State Bar #43248)
ZAYTOUN BALLEW & TAYLOR, PLLC
3130 Fairhill Drive, Suite 100
Raleigh, NC 27612
PH:  919-832-6690; Fax:  919-831-4793
Email:  rzaytoun@zaytounlaw.com
Email:  mballew@zaytounlaw.com
Email:  jtaylor@zaytounlaw.com

*Attorneys for Defendant Elyse Fox*


/s/ Jesse Jenike-Godshalk (per Email authorization)
Jesse Jenike-Godshalk                (0087964)
Thompson Hine LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio  45202
Phone:  513-352-6702
Fax:     513-241-4771
Email:  jessse.godshalk@thompsonhine.com


/s/ Maria R. Butler (per Email authorization)
Maria R. Butler                 (Pro Hac Vice)
Thompson Hine LLP
Two Alliance Center
3560 Lenox Road NE, Suite 1600
Atlanta, Georgia  30326-4266
Phone:  404-407-3680
Fax:     404-541-2905
Email:  Marla.Butler@ThompsonHine.com

*Attorneys for Plaintiffs*

## EXHIBIT A

## CERTIFICATE

I hereby certify that I have read and understand the foregoing Stipulated Confidentiality and Protective Order regarding certain documents and information produced in discovery, and I agree to abide by its terms and conditions.  I also understand that any violation of said Protective Order by me or anyone acting under my direction may subject me to penalties for contempt of court.


Dated: _____                          _____
                                               Signature


                                               _____
                                               Address


                                               _____

11