IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Oneida Consumer, LLC, *et al.*,

        Plaintiffs,

    v.

Elyse Fox,

        Defendant.

Case No: 2:20-cv-2043

Judge Graham

Order

    This matter is before the court on plaintiff Oneida Consumer LLC's motion for reconsideration of the court's August 10, 2020 Opinion and Order denying Oneida's motion for a preliminary injunction. The court found that Oneida failed to establish a likelihood of success on the merits because the evidence demonstrated that defendant Elyse Fox lawfully acquired the Oneida products at issue and that she has been attempting to resell them on terms to which Oneida previously agreed.

    A party moving to reconsider must show: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv., 616 F.3d 612, 615 (6th Cir. 2010) (quotation omitted). A motion for reconsideration should not be used "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008).

    Oneida argues that the August 10, 2020 Opinion and Order contained two errors of law. First, Oneida contends that the court erred in finding that Oneida could not revoke its consent to allow Ms. Fox to market and sell Oneida products. Second, Oneida contends that the court erred in finding that Oneida could not revoke the warranties associated with the Oneida products in Ms. Fox's inventory.

    The court finds that Oneida has not demonstrated that the court made a clear error of law concerning either issue. With respect to revoking Ms. Fox's consent to market and sell Oneida's products, Oneida is correct that trademark law gives the owner of trademark rights wide latitude to shape, by contract, the scope of permission given to others to use the trademark. See e.g., 15 U.S.C. § 1114(1) (trademark infringement requires a lack of consent of the registrant). But Oneida has failed

to submit evidence that it restricted Ms. Fox's ability to resell the products it was selling to her, and the motion for reconsideration fails to point to any errors by the court on that matter.  As explained in the Opinion and Order, Oneida did not dispute Ms. Fox's evidence that she: (1) rejected the Authorized Dealer Policy (ADP) (the alleged contractual source of Oneida's right to terminate its consent to Ms. Fox) and (2) had entered into agreements with Oneida and its licensing predecessor, Robinson Home Products, broadly approving of her ability to market and resell the Oneida products she had purchased.  Oneida has not alleged or demonstrated that the agreements which Ms. Fox reached with Oneida and Robinson contained any limitations on her ability to sell her existing inventory after the parties had terminated their relationship.

Turning to the warranty issue, the court notes that Oneida has, in status conferences conducted with the court, identified warranty-related arguments as being at the core of its claims going forward.  For purposes of the motion for a preliminary injunction and motion for reconsideration, Oneida has failed to offer evidence to contradict Ms. Fox's evidence that she received Oneida's consent to pass the warranty to her customers.  Oneida contends that Ms. Fox has failed to maintain proper quality controls over her inventory of Oneida products; however, Oneida has offered no evidence in support of that assertion.  The court has authorized discovery on this matter, and Oneida will have a full and fair opportunity to prove its claims before a final resolution on the merits.

Accordingly, Oneida's motion for reconsideration (doc. 42) is denied.

                                      s/ James L. Graham
                                      JAMES L. GRAHAM
                                      United States District Judge

DATE: September 22, 2020